828 F.2d 13
 George WILLIAMS, Jr., et al., on behalf of themselves and
all others similarly situated, The First Born
Church of the Living God, et al.,
Plaintiffs- Appellants,
v.
CITY OF DOTHAN, ALABAMA; Kenneth Everett, Mayor;
Commissioners John H. Glanton, Jr., Raimon G. Thomas, Matt
Bullard, S.A. Cherry, Sr., and their successors and agents
in their official capacities, Defendants-Appellees.
 No. 86-7104.
 United States Court of Appeals,
Eleventh Circuit.
 Sept. 21, 1987.
 
 Lipman & Weisberg, David M. Lipman and Robert E. Weisberg, Miami, Fla., Abigail Turner, Legal Services Corp. of Alabama, Mobile, Ala., and Steven D. Caley, Legal Services Corp. of Alabama, Dothan, Ala., for plaintiffs-appellants.
 Buntin & Cobb, P.A., T.E. Buntin, Jr. and D. Taylor Flowers, Dothan, Ala., and James R. Seale, Capell, Howard, Knabe & Cobbs, P.A., James Walter, Jr., Montgomery, Ala., for defendants-appellees.
 Appeal from the United States District Court for the Middle District of Alabama; Robert E. Varner, Judge.
 ON PETITION FOR REHEARING AND SUGGESTION FOR REHEARING EN BANC
 Before GODBOLD and HILL, Circuit Judges, and ESCHBACH*, Senior Circuit Judge.
 Prior Report: 818 F.2d 755.
 PER CURIAM:
 
 
 1
 Appellees' petition for rehearing points out a factual misstatement in the opinion of the court, which, however, does not change the result.
 
 
 2
 The opinion is modified so as to delete the following language, beginning at the second line from the bottom of the right-hand column of p. 761 of 818 F.2d:
 
 
 3
 Dothan listed its special assessment projects, including Project 31, in its two compliance reports filed with the district court as required by Yelverton, indicating that it knew that its obligations under the Yelverton order included paving and sewer improvements in black neighborhoods.
 
 
 4
 and to substitute in its stead the following:
 
 
 5
 Dothan listed paving and sewer improvements, including improvements in Black Ward I, in its two compliance reports filed with the district court as required by Yelverton, indicating that it knew that its obligations under the Yelverton order including paving and sewer improvements in black neighborhoods.
 
 
 6
 In all other respects the petition for rehearing is DENIED. No member of this panel nor other Judge in regular active service on the court having requested that the court be polled on rehearing en banc (Rule 35, Federal Rules of Appellate Procedure; Eleventh Circuit Rule 35-5), the Suggestion for Rehearing En Banc is DENIED.
 
 
 
 *
 Honorable Jesse E. Eschbach, Senior U.S. Circuit Judge for the Seventh Circuit, sitting by designation